# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PATRICK MARTIN and TARA MARTIN,**

**Plaintiffs,**

**v.** **Case No: 6:26-cv-00993-RBD-DCI**

**MULTIPLY, INC., JOSEPH GIGLIETTI, and MELODY GIGLIETTI,**

**Defendants.**

______________________________________/

## ORDER

Patrick Martin and Tara Martin (collectively Plaintiffs) initiated this case against Multiply, Inc. (Multiply), Joseph Giglietti, and Melody Giglietti (collectively Defendants) for breach of contract and unjust enrichment. Doc. 1. The Court granted Plaintiffs' Motion for Clerk's Entry of Default against Joseph Giglietti and Melody Giglietti, and the Clerk entered the respective defaults. Docs. 18, 20, 21. Plaintiffs have filed a Return of Executed Service as to Multiply, which indicates service on July 15, 2026. Doc. 22. Multiply has not filed a response or answer to the Complaint, and Plaintiffs have not yet moved for entry of Clerk's default as to that Defendant.[1]

Pending before the Court is Plaintiffs' Motion for Default Judgment against Joseph Giglietti and Melody Giglietti brought pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 1.10(c). Doc. 23 (the Motion). The Motion is due to be denied as deficient. Namely, Plaintiffs do not include a statement of the basis for the request or a legal memorandum supporting the request for default. *See* Local Rule 3.01(b) ("A motion must include — in a single document

[1] The Court does not make any findings in this order regarding the sufficiency of service on Multiply, Inc.

no longer than twenty-five pages — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.”).

Further, a party is not entitled to a default judgment merely because a clerk has entered default. Instead, before entering default judgment, a court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Here, Plaintiffs do not address jurisdiction, service of process, the elements of their claims against Defendant Joseph Giglietti or Melody Giglietti, or how the well-pleaded allegations in the pleading support each of those elements. As such, the Motion fails.[2]

Finally, the Court notes that “[t]he ‘preferred practice’ in multi-defendant actions where only some defendants are in default is to withhold granting default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants.” *Nautilus Ins. Co. v. A.J. Cardinal Grp., LLC*, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019), *report and recommendation adopted by*, 2019 WL 5068636 (M.D. Fla. Oct. 9, 2019) (quoting *North Point Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012)). “[I]n cases involving more than one defendant, a judgment. . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants.” *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted by*, 2011 WL

[2] Plaintiffs also include a request for attorney fees and expenses in the total amount of $8,448.83 (Doc. 23 at 2), but the Court has a bifurcated procedure pertaining to a claim for fees and related non-taxable expenses. *See* Local Rule 7.01.

6752557 (M.D. Fla. Dec. 22, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). As the court in *Nationwide* explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id.* "The purpose behind not entering a default judgment against a defendant when a co-defendant has appeared is the prohibition against logically inconsistent judgments." *United States CFTC v. Montano*, 2019 WL 11648519, at *3 (M.D. Fla. July 15, 2019) (citing *Frow*, 82 U.S. at 554). "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561 at *6 (collecting cases).

The Eleventh Circuit has also stated that it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted). "'Several Circuits, including the Eleventh [Circuit], have found *Frow* applies to situations where defendants are jointly and severally liable, or have closely related defenses.'" *Zhou v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A",* 2023 WL 6160834, at *3 (quoting *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012)).

Here, Plaintiffs bring a breach of contract claim against Multiply and a separate breach of contract claim against Joseph Giglietti and Melody Giglietti. Doc. 1 at 8 to 9. Plaintiff alleges to that they entered into two loans with Multiply, and Joseph Giglietti and Melody Giglietti acted as guarantors on the related promissory notes described as the "2023 Note" and "2024 Note." *Id.* at

3 to 6. Plaintiffs claim that Multiply failed to make timely monthly payments, and Joseph Giglietti and Melody Giglietti did not make any payment as guarantors. *Id*. at 7. In the Complaint, Plaintiffs seek a judgment against Multiply for compensatory damages on the outstanding principle, interest, and profit share amounts. *Id*. at 9. Plaintiffs also seek a judgment against Joseph and Melody Giglietti for the same relief. *Id*. at 10.

Based on the foregoing, it appears that the claims all relate to the same contracts, the defenses for Defendants would be closely related, and the rationale of *Frow* may apply. Plaintiffs, however, state with no citation to authority, that "Defendants' liability under the unpaid Notes is primary, and not derivate of the liability of Co-Defendant Multiply, Inc." Doc. 23 at 2. Because the Motion is deficient, it is not clear if this statement is Plaintiffs' attempt to address the matter of potential inconsistent judgments.

Accordingly, it is **ORDERED** that:

1. Plaintiffs' Motion (Doc. 23) is **DENIED without prejudice** as deficient; and
2. **on or before, August 28, 2026**, Plaintiffs may file a renewed motion for default judgment. If it is Plaintiffs' position that the Court should enter default judgment against Joseph Giglietti and Melody Giglietti at this juncture even though the case against Multiply still proceeds, then Plaintiffs may address the issue in the renewed motion and include a legal memorandum of law in support of the argument. *See* Local Rule 3.01(b). Alternatively, if Plaintiffs otherwise agree that the Court should forego entering default judgment against Joseph Giglietti and Melody Giglietti in light of the pending case against Multiply, Plaintiffs must still comply with Local Rule 1.10(c) and file within the allotted time a paper identifying each unresolved issue.

Ordered in Orlando, Florida on August 14, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties